James Charles WILLIAMS, Appellant,

v.

A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.

No. 89–1188.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1989.

Decided Jan. 5, 1990.

Abraham Bogoslavsky, Little Rock, Ark., for appellant.

William F. Knight, Little Rock, Ark., for appellee.

Before BOWMAN and BEAM, Circuit Judges, and HENLEY, Senior Circuit Judge.

BEAM, Circuit Judge.

James Charles Williams appeals from the judgment of the district court dismissing his petition for writ of habeas corpus under 28 U.S.C. § 2254 (1982). The district court, upon consideration of the government's motion to dismiss for failure to exhaust state remedies, found that Williams had not challenged, in state court, his 1986 conviction for manslaughter, and thus had not exhausted his state remedies. Because we conclude that the district court misread Williams' petition for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1, we reverse.

## I. BACKGROUND

Williams was convicted of second degree murder following a jury trial in the Pulaski County Circuit Court on April 16, 1985. He was sentenced to thirty years in prison. The Arkansas Supreme Court, however, reversed the conviction because of the circuit court's failure to instruct on the lesser included offense of manslaughter. Williams was represented at his first trial by appointed counsel.

Upon retrial, Williams was convicted of manslaughter, and sentenced to 13½ years in prison. Williams was represented by different counsel at his second trial. Rather than appealing the second conviction, Williams filed a motion for post-conviction relief under Arkansas Rule of Criminal Procedure 37.1. Williams filed this motion, as well as his other motions for post-conviction relief, without the benefit of counsel.

The Rule 37 petition alleged that Williams received ineffective assistance of counsel due to counsel's failure to object to the testimony of Johnny Griffin. Williams alleges that Griffin, at the time of trial, was under the influence of medication for psychiatric illness, and, therefore, was incompetent to testify. The petition cites a statement by counsel at the first trial, taken from the transcript of the first trial, that counsel did not know of Griffin's illness until after he had testified. Johnny Griffin testified at both trials.

The Pulaski County Circuit Court found that the Rule 37 petition challenged only the 1985 conviction, which had been reversed on appeal, and denied the motion for post-conviction relief. The circuit court cited page two of the petition, where Williams stated that "[a] jury trial was held on April 16, 1985." The court also cited the statement beginning the next paragraph: "Therefore, it is from these proceedings that this Rule 37.1 is now being rised [sic]." The court considered that these statements, together with the references throughout the petition to the transcript of the first trial, were sufficient to conclude that all allegations of ineffective assistance referred only to the 1985 conviction. Thus, the petition contained no allegations as to the conviction for which Williams was incarcerated, the 1986 conviction, and, therefore, the circuit court denied relief.

On appeal, the Arkansas Supreme Court affirmed, holding that "[t]he Rule 37 petition filed in the trial court was directed at errors alleged to have been made by the court and defense counsel in petitioner's *first* trial." Since Rule 37 provides a remedy only for a conviction for which the petitioner is in custody, the supreme court dismissed the appeal.

Williams then filed his petition for writ of habeas corpus in federal court, alleging ineffective assistance on the same grounds as in the Rule 37 petition. On the government's motion to dismiss for failure to exhaust state remedies, the federal district court agreed with the state courts' construction of the Rule 37 petition. The district court dismissed the habeas petition.

## II. DISCUSSION

■ The district court's dismissal of Williams' petition for writ of habeas corpus depended upon its interpretation of Williams' Rule 37 petition. The district court agreed with the state courts that the Rule 37 petition challenged only the 1985 conviction. We review *de novo* the district court's interpretation of the Rule 37 petition. In this regard, the interpretation of the petition is much like the interpretation of a written contract, which is clearly a matter of law, subject to *de novo* review. *See, e.g., Rosebud Sioux Tribe v. A & P Steel, Inc.*, 733 F.2d 509, 519 (8th Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984).

■ Williams states on the first page of his Rule 37 petition that, by way of the petition, he would show to the court that his conviction "for the crime of manslaughter and his subquential [sic] incarceration by judgment of the Pulaski County Circuit Court, Fourth Division, Judge, Hon. John Langston handed down on the 7th, Month 10th day of 1986" was unconstitutional. On page three, Williams states that he "was retriad [sic] on the 7th, Month, and 10th day of 1986, and reduced in sentence to a term of 13½ years sentence, though still this conviction would be in violation of the constitution." Finally, on page six, Williams again notes that his second sentence "was obtained through and by the same information that of the first trial." Thus, Williams makes repeated references in his Rule 37 petition to his second conviction, and explicitly states, on the first page of the petition, that he seeks review of the second conviction.

The Arkansas circuit court relied, as indicated, on the reference on page two to the conviction of April 16, 1985, and on the references to the transcript of the first trial. We think that these references are inconclusive at best. Williams referred to the transcript of the first trial because it was the only one available to him. Brief for Appellant at 11. The reference to the conviction of April 16, 1985, also is inconclusive, for the statement on which the state circuit court particularly relied, "it is from these proceedings that this Rule 37.1 [arises]," is not firmly connected to the reference to the 1985 conviction. The second sentence quoted begins a new paragraph, concluding a section of the petition in which Williams referred not only to the 1985 conviction, but also to the 1986 conviction. Therefore, "these proceedings" can easily be construed to include the 1986 conviction.

Since Johnny Griffin testified at both trials, the substance of the Rule 37 petition

itself tells us nothing. The law is clear in this circuit, however, that we must liberally construe habeas petitions filed by *pro se* petitioners. *See, e.g., Wallace v. Lockhart,* 701 F.2d 719, 727 (8th Cir.), *cert. denied,* 464 U.S. 934, 104 S.Ct. 340, 78 L.Ed.2d 308 (1983); *Ashby v. Wyrick,* 693 F.2d 789, 795 (8th Cir.1982) (Lay, C.J., concurring). Thus, we credit Williams' explicit references to the second conviction. It is only logical that, his first conviction having been reversed, he intended to attack the second.

## III. CONCLUSION

Section 2254 requires that a federal habeas petitioner provide state courts with a " 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3 (1982). Since we find that the Rule 37 petition attacks Williams' second conviction, and since the Rule 37 petition was before the state courts and denied, Williams has properly presented his claims to the state courts, and thereby has exhausted his state remedies. Accordingly, we reverse and remand to the district court for proceedings consistent with this opinion.