**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 3 2001**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

RICK DEAN PETRICK,

        Petitioner-Appellant,

v.

TOM C. MARTIN,

        Respondent-Appellee.

No. 99-6399

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. CIV-98-963-C)**

---

Submitted on the briefs:

Rick Dean Petrick, pro se. [1]

---

Before **BALDOCK** , **KELLY** , and **HENRY** , Circuit Judges.

---

**KELLY** , Circuit Judge.

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Rick Dean Petrick appeals from the district court's dismissal of his second petition for a writ of habeas corpus under 28 U.S.C. § 2254 as untimely under 28 U.S.C. § 2244(d)(1). The timeliness of Mr. Petrick's petition depends on whether his first federal habeas petition, part of which was dismissed without prejudice, tolled the running of the statute of limitations under § 2244(d)(2). We hold that a federal habeas petition does toll § 2244(d)(1)'s limitations period, and therefore reverse and remand for further proceedings.

## I

In 1990, Mr. Petrick was convicted of second-degree murder and other charges in an Oklahoma state court and was sentenced to 149 years in prison. Consideration of his direct appeal was delayed, *see Harris v. Champion*, 15 F.3d 1538 (10th Cir. 1994) (addressing problem of appellate delay in Oklahoma criminal justice system), but his convictions were affirmed by the Oklahoma Court of Criminal Appeals (OCCA) in 1994. Apparently in 1992, he filed his first federal habeas corpus petition challenging the delay in consideration of his direct appeal. At some point, Mr. Petrick apparently tried to supplement his petition with other claims. On October 27, 1995, the district court rejected on the merits his claim that he had been prejudiced by the delay in processing his direct appeal. *See Petrick v. Reynolds*, No. CIV-92-545-S, slip op. at 2 (E. D. Okla.

Oct. 27, 1995).  The district court dismissed the supplemental claims "without prejudice as to his filing of a separate pro se action to pursue any non-delay claims."  *Id.*

On December 27, 1995, Mr. Petrick filed a request for an extension of time to appeal, which the district court denied.  On appeal, we reaffirmed a prior ruling that Mr. Petrick's request for an out-of-time appeal was timely, but did not address the merits of the district court's denial of that request.     *Petrick v. Reynolds* , Nos. 96-7040, 96-7045, 1997 WL 31570, at *1 (10th Cir. Jan. 27, 1997), *cert. denied* , 520 U.S. 1216 (May 12, 1997).  Instead, we denied his request for a certificate of appealability on the delay claim because he had not made a substantial showing of the denial of a constitutional right.     Id. at *2.  On March 2, 1998, he filed an application for state post-conviction relief, which he contends was necessary to exhaust certain claims in the event he needed to return to federal court.  That application was denied on April 14, 1998, and the decision was affirmed on appeal on June 26, 1998.  Mr. Petrick filed his second federal habeas petition, the one now before us, on July 15, 1998.

Under the Antiterrorism and Effective Death Penalty Act of 1996, because Mr. Petrick's convictions became final prior to passage of the Act, he had one year from April 24, 1996, in which to file his petition for federal habeas relief, subject to the tolling provision in 28 U.S.C. § 2244(d)(2).     *See* § 2244(d)(1);

*Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998). The district court held that because no state post-conviction proceedings were filed within that year, the limitations period expired on April 23, 1997, making Mr. Petrick's July 15, 1998 petition untimely. Because of the "continuing uncertainty" regarding the proper interpretation of § 2244(d)(2), the district court properly granted a certificate of appealability on the timeliness issue, and we therefore have jurisdiction under 28 U.S.C. §§ 1291 and 2253(c).

## II

Although Mr. Petrick raises several arguments why his second petition should be considered timely, we need only address one--his contention that his first federal habeas petition tolled the limitations period under § 2244(d)(2). Mr. Petrick argues that the one-year limitation period was tolled from April 24, 1996 to May 12, 1997, while the first federal petition was pending, and again from March 2, 1998 to June 26, 1998, until the denial of the state post-conviction relief was affirmed on appeal. Accordingly, he argues that his current federal petition filed July 15, 1998 is timely.

Section 2254(d)(2) provides as follows:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

-4-

The question before us then is whether "other collateral review" in § 2244(d)(2) includes federal habeas review, a matter we recently noted was unresolved in this circuit. *See Marsh v. Soares*, 223 F.3d 1217, 1218-19 (10th Cir. 2000). We made such note, despite our statement in *Rhine v. Boone*, 182 F.3d 1153 (10th Cir. 1999), *cert. denied*, 120 S. Ct. 808 (2000), that: "We are satisfied that, in the wording of § 2244(d)(2), 'State' modifies the phrase 'post-conviction review' and the phrase 'other collateral review.'" Id. at 1186. *Rhine* held that the time during which a petition for a writ of certiorari from denial of state post-conviction relief was pending before the Supreme Court did not fall within § 2244(d)(2)'s tolling provision. Id. at 1156. That is because exhaustion of state remedies does not include or require a petition for a writ of certiorari before the Supreme Court. Id. at 1156. Although in *Rhine* we went on to say that "State" modifies "other collateral review" in § 2244(d)(2), it was not essential to the holding. Regardless, *Rhine* did not decide whether "State" modifies "other collateral review" in § 2244(d)(2) in the context of allowing federal habeas proceedings to toll the limitations period.

The circuits are split on whether a federal habeas petition tolls the limitations period, depending on how they interpret the phrase "application for State post-conviction or other collateral review" in § 2244(d)(2). Several have concluded that "State" modifies "other collateral review," thus excluding federal

habeas review from the tolling provision. *See Jiminez v. Rice*, 222 F.3d 1210, 1213-14 (9th Cir. 2000); *Grooms v. Johnson*, 208 F.3d 488, 489 (5th Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158-59 (3d Cir. 1999). In contrast, the Second Circuit has held that "State" modifies only "post-conviction" and that "other collateral review" includes federal habeas review. *See Walker v. Artuz*, 208 F.3d 357, 359-61 (2d Cir.), *cert. granted*, 69 U.S.L.W. 3110 (U.S. Nov. 13, 2000) (No. 00-121). The Supreme Court has recently granted certiorari on this issue. Id.

The Third Circuit has concluded that under a "'natural reading'" of the statute, "State" must modify "other collateral review." *Jones*, 195 F.3d at 158 (quoting *Sperling v. White*, 30 F. Supp. 2d 1246, 1250 (C.D. Cal. 1998)). But on closer reflection, we believe the Second Circuit's position more persuasive:

> It is possible to interpret the word "State" in Section 2244(d)(2) to modify both "post-conviction" and "other collateral." Close analysis of the statute language, however, shows that "State" modifies only the word "post-conviction," and the phrase "other collateral" is to be given its naturally broader meaning. The disjunctive "or" in the statute creates a distinct break between the two kinds of review *Jones* and *Sperling* would tie together. In contrast, applying "State" to both of the disjunctive phrases would create a linguistic oddity because the statute would refer to "a properly filed application" for "State post-conviction . . . review" or "State . . . other review." "State other collateral review" is an ungainly construction that we do not believe Congress intended.

*Walker*, 208 F.3d at 359-60. We agree that the language of the statute is best read as tolling the limitations period for "State post-conviction review" and for "other collateral review," including federal habeas review.

-6-

We also agree that "other collateral review" is virtually meaningless if it is read to include only state remedies other than state post-conviction review. "State post-conviction review" is a broad term that can encompass all review a prisoner seeks after conviction, and we see no reason why Congress should have believed that there were other forms of state "collateral review" that did not come within the scope of "post-conviction review." *See id.* at 360. *Sperling* surmised that Congress could have intended "other collateral review" to mean nonjudicial remedies such as a petition to a governor for clemency. *See Sperling*, 30 F. Supp. 2d at 1251. "Collateral review," however, ordinarily means judicial review, and we think it too much of a stretch to interpret it to refer to nonjudicial remedies without evidence to support that interpretation. *See Walker*, 208 F.3d at 360 (noting that legislative history cited by *Sperling*, a statement by Senator Hatch, pertained to a proposed amendment to AEDPA section dealing with capital cases).

Stating it was "not troubled" by the lack of distinction between post-conviction and other collateral review, the Ninth Circuit "reject[ed] *Walker*'s construction of section 2244(d)(2) [because it] renders 'State' and 'other collateral' superfluous," implying that "post-conviction review" was all Congress needed to say. *Jiminez*, 222 F.3d at 1214. *Jiminez* also noted that in drafting the counterpart to § 2244(d)(2) for the special capital case provisions of AEDPA, Congress indicated that "other collateral relief" included only state remedies. *See*

-7-

*id.* at 1214; 28 U.S.C. § 2263(b)(2) (tolling limitations period "from the date on which the first petition for post-conviction review or other collateral relief is filed until the final State court disposition of such petition"). *Jiminez* is surely correct that there are clearer ways to have drafted the statute, but the statute is ambiguous on this point so we must come up with a reasonable interpretation in light of what we believe to be Congress's intent. And while recognizing the risks of excessive reliance on rules of statutory interpretation, *see Burch*, 202 F.3d at 1279, we note that the difference in the language of §§ 2244(d)(2) and 2263(b)(2) is some indication that Congress did not intend to limit "other collateral review" in § 2244(d)(2) to state remedies. *See INS v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.") (quotations omitted, alteration in original).

Our conclusion that Congress intended "other collateral review" in § 2244(d)(2) to include federal habeas petitions is supported by the close relationship between the exhaustion requirement in § 2254(b) and (c) and the tolling provisions. Unless the state has expressly waived the exhaustion requirement, or the petitioner's claims are clearly without merit, dismissal of a petition containing unexhausted claims is mandatory. *See* § 2254(b) and (c); *Rose*

*v. Lundy* , 455 U.S. 509, 522 (1982).  As we discussed earlier, the tolling

provision of § 2244(d)(2) furthers Congress's objective of encouraging

exhaustion of state remedies, a longstanding policy of federal-state comity now

codified at § 2254(b) and (c).     *Stewart v. Martinez-Villareal*    , 523 U.S. 637, 644

(1998).

Our interpretation is also consistent with the inapplicability of the

successiveness rule to a federal petition filed after an initial federal petition is

dismissed for failure to exhaust state remedies.  When a habeas petitioner returns

to federal court following exhaustion of his or her claims in state court, the

second petition is not barred as successive under § 2244(b) or predecessor

successiveness rules.    *Slack v. McDaniel*  , 529 U.S. 473, ___, 120 S. Ct. 1595,

1604-06 (2000);  *McWilliams v. Colorado*   , 121 F.3d 573, 575 (10th Cir. 1997).  As

the Supreme Court explained,

> in *Rose v. Lundy* , 455 U.S. 509, 522 . . . (1982), we . . . held that "a
> district court must dismiss habeas petitions containing both
> unexhausted and exhausted claims."  But none of our cases
> expounding this doctrine [has] ever suggested that a prisoner whose
> habeas petition was dismissed for failure to exhaust state remedies,
> and who then did exhaust those remedies and returned to federal
> court, was by such action filing a successive petition.  A court where
> such a petition was filed could adjudicate these claims under the
> same standard as would govern those made in any other first petition.

*Stewart* , 523 U.S. at 644.  Not barring a second, post-exhaustion petition as

successive would offer little solace to the petitioner whose second petition is

dismissed because the limitations period ran while the first petition was pending in federal court. That petitioners, most often pro se, do bring unexhausted claims to federal court is an unfortunate reality, as is the fact that, due to the volume of habeas litigation, the entire limitations period can run while a petition is pending in federal court before being dismissed.

The AEDPA limits prisoners' ability to seek federal review of their state criminal convictions, and its limitations provision pushes them to file their federal habeas petitions more quickly than before the Act was passed, when they had "virtually unlimited amounts of time" to file their petitions. *Hoggro*, 150 F.3d at 1225. "By reading the tolling provision of Section 2244 to include pending federal habeas petitions, we do not detract from the overall purpose of the AEDPA because the statute of limitations remains enforceable and intact." *Walker*, 208 F.3d at 361. We do avoid an interpretation of the AEDPA that would penalize state prisoners for filing a previous federal habeas petition challenging the same conviction or sentence. A contrary interpretation of § 2254(d)(2) would mean that a diligent prisoner who filed his federal petition the very day after his state conviction became final could still be permanently time barred from habeas relief if the district court delayed before dismissing the petition for failure to exhaust. Such a result would not further the timeliness concerns that § 2244(d) was designed to address and would create yet another situation in which "a

dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review," something the Supreme Court has sought to avoid. *Stewart*, 523 U.S. at 645.

Further, it is doubtful that this interpretation will result in an abuse of the system. We fail to see what a petitioner has to gain by filing a federal petition containing unexhausted claims, *cf. Slack*, 120 S. Ct. at 1606 (discussing means of dealing with abusive litigants), and we do not believe that tolling the period while such a petition is pending allows a petitioner to improperly manipulate the limitations provision. Moreover, while bringing unexhausted claims to federal court is usually the result of a pro se petitioner's lack of legal training, we note that determining whether a claim has been properly exhausted, or whether exhaustion may be excused, is not always a simple matter. *See, e.g.*, *Whitehead v. Johnson*, 157 F.3d 384, 387-88 (5th Cir. 1998); *Carpenter v. Young*, 50 F.3d 869, 871 (10th Cir. 1995); *Wallace v. Cody*, 951 F.2d 1170, 1171-72 (10th Cir. 1991); *Williams v. Lockhart*, 893 F.2d 191, 192-93 (8th Cir. 1990). Additionally, the successiveness doctrine limits abuse of the system by generally prohibiting a state prisoner from returning to federal court following the denial of a first petition on the merits. *See* 28 U.S.C. § 2244(b).

We thus conclude that a federal habeas petition is "other collateral review" that tolls the one-year limitations period under § 2244(d)(2). Tolling the

limitations period here for the time Mr. Petrick's first habeas petition was pending in federal court makes his second petition timely filed. Because his first petition pursued *Harris* delay claims, his second petition is not barred as successive. *See Reeves v. Little*, 120 F.3d 1136, 1139-40 (10th Cir. 1997).

The judgment of the district court is therefore REVERSED, and the case is REMANDED to the district court for further proceedings consistent with this opinion.