**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 22 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RICK DEAN PETRICK,

        Petitioner - Appellant,

v.

TOM C. MARTIN,

        Respondent - Appellee.

Nos. 01-6316 & 02-6077
(D.C. No. CV-98-963-C)
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **PORFILIO** , and **BALDOCK** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are

therefore ordered submitted without oral argument.

Petitioner Rick Dean Petrick seeks a certificate of appealability (COA) to

appeal the district court's denial of his petition seeking habeas corpus relief

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

which was filed pursuant to 28 U.S.C. § 2254. We determine no COA should issue and dismiss the appeal.

To be entitled to a COA, Mr. Petrick must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In 1990, Mr. Petrick was convicted in state court of second-degree murder and other charges and was sentenced to 149 years in prison. His convictions were affirmed by the Oklahoma Court of Criminal Appeals in 1994. In 1992, he filed his first federal habeas corpus petition challenging the delay in consideration of his direct appeal. He later tried to supplement his petition with other claims. In 1995, the federal district court denied his petition, dismissing the supplemental claims without prejudice in order to permit him to file another action to pursue those claims. This court denied issuance of a COA and dismissed his appeal from that decision. In 1998, Mr. Petrick filed an application for state post-conviction relief. That application was denied and the decision was

affirmed on appeal. Mr. Petrick then filed this, his second federal habeas petition, on July 15, 1998.

Under AEDPA, Mr. Petrick had until April 24, 1997, to file his petition for federal habeas relief, subject to the tolling provisions provided in 28 U.S.C. § 2244(d)(2). The district court held that no tolling provisions were applicable and dismissed the petition as untimely. On appeal, a panel of this court held that the time during which Mr. Petrick's first federal habeas petition was pending tolled the limitation period and remanded the case to the district court for further proceedings. Petrick v. Martin, 236 F.3d 624, 629 (10th Cir. 2001).

While this case was pending on remand, the Supreme Court issued Duncan v. Walker, 533 U.S. 167 (2001). In Duncan, the Court held that the time a petition seeking federal habeas review is pending does not meet the requirements for tolling set forth in § 2244(d)(2). See id. at 181-82.

The district court applied Duncan and determined that Mr. Petrick's petition was untimely and denied relief. Mr. Petrick appeals, arguing that Duncan cannot be applied retroactively in light of the constraints set forth in Teague v. Lane, 489 U.S. 288 (1989). We disagree.

In Teague, the Court held that "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced[,]" unless they fall within two exceptions. Id. at

310-11. However, a rule is not "new" when it is based squarely on statutory interpretation. United States v. Talk, 158 F.3d 1064, 1071 (10th Cir. 1998); see also United States v. Shelton, 848 F.2d 1485, 1489 (10th Cir. 1988) ("statute cannot mean one thing prior to the Supreme Court's interpretation and something entirely different afterwards" (quotation omitted)).

In Duncan, the Court determined the tolling provisions of § 2244(d)(2) did not apply to pending federal habeas petitions, contrary to our previous decision. Duncan did not announce a new rule of constitutional law, but rather interpreted a procedural statute. Therefore, the strictures announced in Teague do not apply and the district court properly applied Duncan to this case. Mr. Petrick's petition is untimely.

Mr. Petrick further argues that the district court erred in applying Duncan because (1) it did not address all of his objections to the magistrate judge's report and recommendation; (2) the ex post facto doctrine and res judicata prevent the district court from applying Duncan; (3) he was denied due process and equal protection by the court's application of AEDPA; (4) collateral estoppel prevents the district court from relitigating an issue which was decided by Tenth Circuit; and (5) the district court lacked authority and/or jurisdiction to raise the issue that his case was untimely under AEDPA. These issues are without merit.

-4-

Because Mr. Petrick cannot show a COA is warranted as to whether the district court erred in its procedural ruling, we need not examine whether a COA should issue to determine whether reasonable jurists could debate whether he raised a valid constitutional claim in his petition. Cf. Paredes v. Atherton, 224 F.3d 1160, 1161 (10th Cir. 2000) (after determining reasonable jurists *could* debate whether district court was correct in its procedural ruling, court also addressed whether reasonable jurists could debate whether petitioner had stated a valid claim alleging denial of a constitutional right).

The district court correctly determined that Mr. Petrick's petition was procedurally barred and that there was no basis for equitably tolling the running of the period of limitation. Therefore, we DENY his application for a COA and DISMISS this appeal. Mr. Petrick's pending petitions seeking mandamus from this court are DENIED. The mandate shall issue forthwith.

Entered for the Court

Bobby R. Baldock
Circuit Judge

-5-