**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 2 2003**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DONALD WILLIAM YORK,

      Petitioner-Appellant,

v.

HANK GALETKA,

      Respondent-Appellee.

No. 01-4214

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH**
**(D.C. No. 2:00-CV-226-B)**

---

Submitted on the briefs:

Donald William York, Pro Se.

Erin Riley, Assistant Attorney General, Mark L. Shurtleff, Utah Attorney General, Salt Lake City, Utah, for Respondent-Appellee.

---

Before **MURPHY** , **ANDERSON** , and **HARTZ** , Circuit Judges.

---

**MURPHY** , Circuit Judge.

---

Donald William York appeals from the district court's order dismissing his 28 U.S.C. § 2254 habeas corpus petition. The district court concluded that York had failed to file his petition within the one-year statute of limitations for such petitions, *see* 28 U.S.C. § 2244(d), and that he was not entitled to equitable tolling of the one-year limitations period. York seeks a certificate of appealability (COA) to appeal from the order of dismissal. *See id.* § 2253(c)(1)(A). Because we conclude that equitable tolling should have been applied in this case, we grant York a COA, vacate the order of dismissal, and remand to the district court for further proceedings. [1]

This case poses a difficult procedural problem concerning the running of the one-year habeas limitations period. The period typically begins to run from the date on which a petitioner's conviction becomes final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). The time a petitioner spends pursuing state post-conviction or other collateral review is not counted toward this one-year period. *Id.* § 2244(d)(2). This "statutory tolling" is not available, however, during the time period a prior *federal* habeas proceeding is pending. *Duncan v. Walker*, 533 U.S. 167, 172-82 (2001). York made a diligent effort to present his

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

claims in federal court within the limitations period, but found himself barred by the rule in *Duncan*, a case decided after the dismissal of his second federal habeas petition and during the pendency of his third federal petition, the dismissal of which is before the court in this appeal. Because we conclude that a strict application of *Duncan* under the circumstances of this case would be inequitable, we apply equitable tolling and remand to permit the district court to consider the merits of York's claims.

## FACTS

The underlying facts of this case are set out in a published opinion of the Utah Court of Appeals. *York v. Shulsen*, 875 P.2d 590 (Utah Ct. App. 1994). York shot his ex-wife and another man in her Salt Lake City bedroom, killing the man and seriously wounding his ex-wife. He surrendered to police and was charged with first degree murder, attempted second degree murder, and aggravated burglary. York raised a defense of not guilty by reason of insanity or diminished capacity. The doctors who examined him found that he had not been legally insane at the time of the crimes, but recommended that he undergo further testing to determine why he had periods of memory lapse. Although York's counsel initially supported a continuance for further mental testing, he eventually consented to allowing York to plead guilty without further testing.

York pleaded guilty to second degree murder and attempted manslaughter. At his plea hearing, he claimed that he had no specific memory of the shootings, but nevertheless wished to accept the plea agreement and to plead guilty. The trial court accepted his guilty plea without inquiring into his competency. On December 6, 1984, it sentenced him to five years to life for the murder and zero to five years for the attempted manslaughter, to be served consecutively.

York did not take a direct appeal from his convictions and sentence. In 1985, however, a prison psychiatrist who conducted hypnotherapy sessions with York concluded that he suffered from multiple personality disorder (MPD). Armed with this diagnosis, York began a seventeen-year post-conviction odyssey through state and federal courts, culminating in the present appeal.

York began by filing a state petition for writ of habeas corpus, on April 2, 1985. He contended that the new evidence of his MPD showed that he had not been guilty of the crimes. His petition also included a number of other claims, including ineffective assistance of counsel, judicial conflict of interest, and a claim that his guilty plea had been unknowing and involuntary. The state district court denied his petition six years later, on July 16, 1991. [2] York appealed, and the denial was affirmed by the Utah Court of Appeals after passage of nearly

---

[2]    Although York had foregone his direct appeal, the district court did not rely on procedural bar but denied his claims on the merits.

three years.  *York*, 875 P.2d 590.  He then sought certiorari from the Utah Supreme Court, which was denied on September 19, 1994.

Two months later, on November 3, 1994, York filed his first federal habeas petition.  He included, however, a number of additional claims not previously raised in the state courts.  The district court dismissed his petition without prejudice on October 5, 1995, to allow York to exhaust his state court remedies.

On October 23, 1995, York filed a second state habeas petition.  This petition remained pending until August 29, 1996, when York voluntarily dismissed it without prejudice, evidently to pursue instead a motion to withdraw his plea, which he had filed the day before.

In the meantime, on April 24, 1996, Congress passed the AEDPA amendments to § 2244(d), creating a one-year statue of limitations for the filing of habeas petitions.  Subsequent to this amendment, this court adopted a rule that a habeas petitioner had one year from the effective date to file the petition, i.e., until April 23, 1997, when the subject conviction had become final prior to AEDPA's effective date.  *See, e.g., Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001), *cert. denied*, 122 S. Ct. 1789 (2002).

York filed his motion to set aside his guilty plea in state district court on August 28, 1996, and it was not denied until November 26, 1997.  This denial was affirmed by the Utah Court of Appeals on September 24, 1998.  Although this

time period encompassed the extended deadline for AEDPA filing, it did not affect York's one-year period for bringing his AEDPA petition. That is because of the statutory tolling rule built into § 2244(d)(2), which provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In other words, until the overlapping second state habeas and motion to set aside guilty plea were completely resolved, the one-year clock would not begin running for York to file his federal habeas petition. That did not occur until February 11, 1999, when the Utah Supreme Court denied certiorari after the state district court and Utah Court of Appeals had rejected York's attempt to withdraw his guilty plea. At this point, York had 365 days, until February 11, 2000, within which to file his federal habeas petition. [3]

York met this deadline. He filed his second federal habeas petition on March 24, 1999. This petition was also dismissed for failure to exhaust all claims. The dismissal, however, did not occur until January 31, 2000, some eleven days before the limitation period was set to expire.

---

[3] In the absence of specific argument to the contrary, we will assume that the entry of the order denying certiorari terminated the "pending" collateral review, and restarted the AEDPA time clock. *See* Utah R. App. P. 51(c).

On February 18, 2000, York filed an application for state certiorari, his third. The Utah Supreme Court rejected it as untimely on February 24, 2000. The court stated that it lacked jurisdiction to consider the untimely application.

Unbeknownst to him, or for that matter to anyone conversant with Tenth Circuit jurisprudence on tolling of the AEDPA statute of limitations, York was in trouble. While his state court post-conviction proceedings had tolled the one-year statute of limitations, the same could not be said for the time period York spent waiting for the federal district court to decide his second habeas petition. In *Duncan*, 533 U.S. at 172-82, decided well after the dismissal of York's second federal habeas petition, the Supreme Court determined that the time spent in federal habeas review is not attributable to an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2), and therefore does not toll the time for filing a subsequent petition. In doing so, the Supreme Court overruled this court's precedent that the pendency of a federal habeas petition tolled the AEDPA limitations period. *Petrick v. Martin*, 236 F.3d 624, 629 (10th Cir. 2001).

On March 14, 2000, York filed his third federal habeas petition. Under the rule subsequently developed in *Duncan*, this petition was thirty-two days late.

ANALYSIS

1. **Motion to withdraw plea**

Before turning to the equitable tolling analysis, we must first consider whether York's motion to withdraw his guilty plea was part of the direct appeal process, or part of the state collateral review process. If York's motion was part of the direct appeal process, it bought him an additional ninety days of statutory tolling to seek certiorari in the United States Supreme Court. *Locke v. Saffle*, 237 F.3d 1269, 1271-72 (10th Cir. 2001). If this additional ninety-day statutory tolling period were applied, it would render York's third federal habeas petition timely. If York's motion was a collateral proceeding, however, the motion did not provide him with an additional tolling period for Supreme Court certiorari. *Id.* at 1271 n.2.

Typically, a motion to withdraw a guilty plea is considered part of the direct appeal process. *See, e.g., Hickman v. Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (noting Oklahoma state courts' characterization of motion to withdraw guilty plea as part of direct review process for procedural default purposes). Here, however, York did not bring his motion until nearly twelve years after he was convicted. By the time he brought the motion, he had already filed two state habeas proceedings and one federal habeas. Moreover, the state court itself characterized his motion as a post-conviction proceeding. *See* "Ruling on

-8-

Defendant's Motion to Withdraw Guilty Plea," R., doc. 9, Addendum "I" at 1 ("Although the matter here under consideration is a motion to withdraw a guilty plea, it is considered as a post-judgment writ."). We therefore conclude that York's motion to set aside guilty plea should be treated as part of the state collateral review process, rather than as part of direct review, for purposes of the AEDPA timeliness calculation.

2. **Equitable tolling**

York's timeliness problem is that the one-year limitations period was not tolled during the time his second federal habeas petition was pending. In *Duncan,* 533 U.S. 167, the very case that created the "no tolling" rule for prior federal habeas petitions, concurring justices of the Supreme Court recognized that the rule might pose problems for petitioners, like York, whose prior petitions had been dismissed in order to exhaust state remedies. *Id.* at 182-84 (Stevens, J., concurring). These justices suggested that a federal court might apply equitable tolling to relieve a petitioner of the consequences of the rule. *Id.*

This court has recognized that equitable tolling of the one-year statute of limitations is available, but only in rare and exceptional circumstances:

> AEDPA's one-year statute of limitations is subject to equitable tolling, but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective

pleading during the statutory period. Simple excusable neglect is not sufficient.

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citations and quotations omitted).

In a recent case, this court endorsed the equitable tolling principle as a method of relieving a petitioner who had made a diligent effort to pursue his habeas claims but had been trapped by the effect of *Duncan* on a prior dismissal. In *Hall v. Scott*, 292 F.3d 1264 (10th Cir. 2002), the petitioner filed his habeas petition on April 19, 2000, and it was dismissed on January 24, 2001, for failure to pay the filing fee. He then refiled a second habeas petition on March 7, 2001, which was dismissed as untimely. Although it was clear from the language of the fee order that it was the petitioner's responsibility to pay the filing fee or to explain why he could not do so, this court nevertheless reversed the dismissal and remanded for consideration of equitable tolling, concluding that the petitioner could reasonably have relied on prior law in this circuit. We stated:

> At the time of the dismissal of [petitioner's] first petition on January 24, 2001, the law in this Circuit was that "a federal habeas petition is 'other collateral review' that tolls the one-year limitations period under § 2244(d)(2)." *Petrick v. Martin*, 236 F.3d 624, 629 (10th Cir. 2001). The Supreme Court's contrary holding in *Duncan* was not issued until June 18, 2001, nearly five months after Hall's habeas petition was refiled. Under the rule of *Petrick*, his second petition was indisputably filed well within the one-year period of limitations set forth in AEDPA. We thus conclude that the district court should have evaluated whether [petitioner] is entitled to the benefits of equitable tolling for having diligently pursued his claims

and demonstrated that the failure to timely file was caused by extraordinary circumstances beyond his control.

*Id*. at 1268 (further quotation and footnotes omitted).

Like the petitioner in *Hall*, York diligently pursued his claims. The *Duncan* decision was not issued until over a year after he filed his third federal habeas petition. Although *Petrick* had also not been decided at the time York filed his third petition, the law in this circuit was unsettled on the issue and the statute is ambiguous. *See Petrick*, 236 F.3d at 626-28. We conclude that the district court should have applied equitable tolling to relieve York from the one-year statute of limitations. [4]

CONCLUSION

In order to receive a COA on a procedural issue, York had to show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the foregoing discussion indicates, York has met the second of these two *Slack* criteria. Having quickly reviewed York's

---

[4] In *Hall*, we remanded for reconsideration of whether equitable tolling was warranted. This was an appropriate result, given that the petitioner's tardiness may have been attributable in part to his failure to pay the appropriate filing fee or to explain why he was unable to do so. Under the clear-cut factual circumstances of this case, by contrast, we have no difficulty instructing the district court to apply, rather than merely to reconsider, equitable tolling.

-11-

petition, we conclude that he has also shown a debatably valid claim of the denial of a constitutional right. *Gibson,* 232 F.3d at 803. We therefore GRANT York's application for a COA. The judgment of the United States District Court for the District of Utah dismissing York's petition for writ of habeas corpus is vacated and this matter is REMANDED for application of equitable tolling and consideration of the merits of York's petition.