**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 12 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KENNETH BROWN,

     Petitioner-Appellant,

v.

DAYTON POPPEL,

     Respondent-Appellee.

No. 03-7082

(D.C. No. CV-01-321-S)
(E.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **ANDERSON**, and **LUCERO**, Circuit Judges.

Petitioner Kenneth Brown, an Oklahoma state prisoner, appeals the district court's

dismissal of his 28 U.S.C. § 2254 habeas petition as untimely filed. We affirm.

I.

Brown was convicted of first degree murder and sentenced to life without parole

on February 26, 1998. The Oklahoma Court of Criminal Appeals (OCCA) affirmed his

conviction and sentence on July 16, 1999, and there is no indication that he filed a

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

petition for writ of certiorari. Brown filed his first federal habeas petition on June 27, 2000. On September 25, 2000, while that petition was pending, he filed an application for state post-conviction relief. On December 21, 2000, he moved to voluntarily dismiss his federal habeas petition without prejudice while he exhausted the claims asserted in his application for state post-conviction relief. The state court denied post-conviction relief on January 18, 2001. On March 7, 2001, Brown's federal habeas petition was dismissed without prejudice. The OCCA affirmed the denial of post-conviction relief on March 8, 2001.

Brown filed the current habeas proceeding on June 6, 2001,[1] which was dismissed as untimely. On July 26, 2002, this court reversed the district court's dismissal and remanded "for reconsideration of whether equitable tolling [wa]s warranted." ROA, Doc. 19 at 2. On remand, the district court concluded that Brown had "failed to show the existence of an extraordinary circumstance beyond his control or diligence in pursuing his claims," Id., Doc. 27 at 4, and again dismissed the petition as untimely.

## II.

Brown contends the district court erred in dismissing his petition as untimely. We review the district court's dismissal de novo. See Woodward v. Williams, 263 F.3d 1135, 1141 (10th Cir. 2001).

Congress has established a one-year period of limitations for the filing of an

---

[1] The district court used the date that Brown signed the petition.

application for writ of habeas corpus by a person in custody pursuant to a state court judgment. See 28 U.S.C. § 2244(d)(1). The one-year limitations period generally begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "The time a petitioner spends pursuing state post-conviction or other collateral review is not counted toward this one-year period." York v. Galetka, 314 F.3d 522, 524 (10th Cir. 2003). "This 'statutory tolling' is not available, however, during the time period a prior *federal* habeas proceeding is pending." Id. (emphasis in original).

The OCCA affirmed Brown's conviction and sentence on July 16, 1999. He did not file a petition for writ of certiorari with the United States Supreme Court and, therefore, his conviction became "final" and the one-year statute of limitations began running on October 14, 1999. See United States v. Burch, 202 F.3d 1274, 1279 (10th Cir. 2000). The limitations period ran unabated from October 14, 1999, until September 25, 2000, when Brown filed his application for state post-conviction relief. At that point, 347 days had passed. Brown's state post-conviction proceedings concluded on March 8, 2001, leaving Brown with 18 days, or until approximately March 26, 2001, to file a timely federal habeas petition. As noted, Brown did not file the current habeas petition until June 6, 2001, approximately 72 days out of time.

Brown's petition cannot be deemed timely unless he is able to establish his entitlement to equitable tolling of the one-year limitations period. Because the one-year

3

limitations period "is not jurisdictional," it "is subject to equitable tolling in appropriate cases." Garcia v. Shanks, 351 F.3d 468, 473 n.2 (10th Cir. 2003). This court, however, has "limited equitable tolling of the limitations period to rare and exceptional circumstances." Id. (internal quotations omitted). Further, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Id. (internal quotations omitted).

When this court reviewed Brown's initial appeal, it concluded "the district court did not fully explore whether Brown was entitled to equitable tolling of the one-year period of limitations." ROA, Doc. 19 at 1. In remanding the case, this court instructed the district court to "consider whether the refiling of Brown's habeas petition prior to the Supreme Court's decision in" Duncan v. Walker, 533 U.S. 167 (2001), "merit[ed] the application of equitable tolling to his case." Id. at 2. This court also directed the district court to "apply the 'prisoner's mailbox rule' in determining the dates Brown's habeas petitions were filed with the court." Id.

On remand, the district court gave Brown the benefit of the prisoner mailbox rule in determining the filing dates of his two federal habeas petitions. It also examined the decision in Duncan, in which the Court effectively overruled Tenth Circuit case law holding that the pendency of a federal habeas petition statutorily tolled the one-year limitations period (see Petrick v. Martin, 236 F.3d 624, 629 (10th Cir. 2001)). The

4

district court found that Brown "ha[d] failed to show the existence of an extraordinary circumstance beyond his control or diligence in pursuing his claims" and thus was "not entitled to equitable tolling." ROA, Doc. 27 at 4. The district court noted that Brown "could not have relied on [this court's decision in] Petrick when he filed the motion to dismiss his first habeas corpus petition, because it was decided 13 days later." Id. The district court also noted that Brown "offer[ed] no explanation of why he did not address" Duncan "in his December 10, 2001, response to [respondent's] motion to dismiss." Id. at 3. Lastly, the district court noted that Brown's "limitation period had not expired when his first habeas corpus petition was dismissed." Id. at 4.

Brown asserts two challenges to the district court's order of dismissal. First, he argues "it is unclear whether the district court on remand applied the prisoner mail box rule . . . as to the date [he] filed his second petition." Aplt. Br. at 4. Second, he argues "it is unclear if the district court considered equitable tolling prior to Duncan, as a proper ground for tolling based on his reliance on current law which was subsequently changed." Id. Although this latter argument is far from clear, Brown appears to be arguing the district court failed properly to take into account the fact that, at the time he refiled his federal habeas petition, the petition would have been considered timely under Tenth Circuit law because of his prior filing of a federal habeas petition (i.e., Tenth Circuit law would have allowed him to toll the time that his first federal habeas petition was pending).

5

Brown's second federal habeas petition actually was filed with the district court on June 14, 2001. Notwithstanding that fact, the district court found that Brown signed the petition on June 6, 2001, and utilized that date as the filing date for purposes of its analysis. Clearly, Brown's filing date could not have been any earlier than June 6, 2001, since he could not have signed and dated the petition after placing it in the prison mail system. Thus, it appears clear that the district court gave Brown the benefit of the prisoner mailbox rule.

Turning to Brown's second argument, at the time he refiled his federal habeas petition on June 6, 2001, Tenth Circuit law would have considered the petition timely filed. More specifically, under Petrick, the filing of Brown's first federal habeas petition on June 27, 2000, would have tolled the running of the one-year limitations period until March 7, 2001, when the district court dismissed that petition without prejudice. In turn, that would have left Brown approximately 108 days to refile in a timely fashion.[2] Because Brown refiled approximately 90 days later, on June 6, 2001, his refiled petition would have been considered timely under Petrick.

The problem for Brown is three-fold. First, as already noted, Duncan overruled Petrick and held that the filing and pendency of a federal habeas proceeding does not toll

_____

[2] Under Petrick, the one-year limitations period would have run unabated for 257 days from October 14, 1999, when Brown's state conviction became final, until June 27, 2000, when he filed his first federal habeas petition, leaving Brown with approximately 108 days of the one-year time period.

6

the one-year limitations period under § 2244(d)(2).  Second, nowhere in his appellate brief or in the record on appeal has Brown alleged that he relied on <u>Petrick</u> in waiting approximately 90 days after exhausting his state court remedies to refile his federal habeas petition.  Third, and relatedly, Brown has failed to establish that he acted diligently in pursuing his federal habeas claims.  Not only has he offered no explanation for the 90-day time period between the exhaustion of his state court remedies and the refiling of his federal habeas petition, he has failed to account for the lengthy time period that elapsed between the date his state conviction became final (October 14, 1999), and the date he attempted to pursue any type of post-conviction relief (June 27, 2000).

Brown has failed to meet his burden of demonstrating that equitable tolling should apply.  See <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998).

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge
