David TURLEY, Petitioner–Appellant,

v.

Al ESTEP, Warden, Limon Correctional Facility, and The Attorney General of the State of Colorado, Respondents–Appellees.

Nos. 04–1297, 04–1300.

United States Court of Appeals, Tenth Circuit.

Aug. 18, 2005.

David Turley, pro se.

Laurie A. Booras, Ken Salazar, Attorney General, Denver, CO, for Respondent–Appellee.

Before BRISCOE, LUCERO, and MURPHY, Circuit Judges.

---

**ORDER AND JUDGMENT***

MARY BECK BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner David Turley, a Colorado state prisoner appearing pro se, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas relief as time-barred. We granted a certificate of appealability on the question of timeliness and have received briefing from the respondents. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm the district court's dismissal because Turley has not demonstrated extraordinary circumstances warranting equitable tolling of the period of limitation.

**I.**

On May 8, 1990, Turley was convicted in Colorado state court on one count of second degree kidnaping, one count of first degree sexual assault, one count of robbery, and three counts of being a habitual criminal offender.[1] In 1994, the Colorado Court of Appeals affirmed the convictions and the Colorado Supreme Court denied certiorari. On December 18, 1996, Turley filed a motion for post-conviction relief pursuant to Colo. R.Crim. P. 35(c), which was denied in late 1998. Turley appealed that decision and his appeal was denied on July 20, 2000. Turley's petition for a writ

1. Turley was charged in three separate cases, but two of the cases were combined and Turley filed two separate, though identical, appeals. The issues in each appeal were identical and the dates for all filings were identical.

of certiorari to appeal the post-conviction relief denial was denied on February 20, 2001, with the mandate issuing March 5, 2001.

Turley originally filed a federal habeas corpus petition on June 11, 2001. Turley withdrew that petition on August 24, 2001, because the court indicated to him that it was rejecting the pleading because it was a "mixed petition" in that it contained both exhausted and unexhausted claims for relief. On the day he withdrew his federal habeas petition, Turley refiled in state court for the purpose of satisfying the exhaustion requirement. On March 22, 2004, Turley's second petition in state court was denied, and on April 2, 2004, Turley refiled his federal habeas petition with the district court.

On July 20, 2004, the district court denied Turley's second habeas petition as time barred citing 28 U.S.C. § 2244(d)(1)(A). At issue are the 73 days from June 11, 2001, the day Turley filed his first federal habeas petition, until August 23, 2001, the day before Turley withdrew his federal habeas petition and filed a second state post-conviction motion. The district court held that Turley's filings seeking federal post-conviction relief did not toll the one-year period per *Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). For this reason, the district court concluded that 419 days had passed untolled from the date Turley's conviction became final until he filed the present federal habeas action. As a result, the district court concluded Turley's habeas action was time barred.

## II.

■ On appeal, Turley claims the district court erred in dismissing his petition as untimely. We review the district court's dismissal de novo. *See Woodward v. Williams*, 263 F.3d 1135, 1141 (10th

Cir.2001). Because Turley is proceeding pro se, we construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDP1A) establishes a one-year statute of limitations for the filing of federal habeas petitions. 28 U.S.C. § 2244(d)(1). The one-year limitations period generally begins running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time a petitioner spends pursuing state post-conviction or other collateral review is not counted toward this one-year period. 28 U.S.C. § 2244(d)(2). This "statutory tolling" is not available, however, during the time period a prior *federal* habeas proceeding is pending. *See Duncan*, 533 U.S. at 172–82, 121 S.Ct. 2120.

In this case, Turley's convictions became final sometime in 1994 when the Colorado Supreme Court denied certiorari of his direct appeal. Because his convictions were final prior to passage of the one-year AEDP1A limitation, the one-year limitation period began running on the effective date of the AEDP1A amendment: April 24, 1996. *Fisher v. Gibson*, 216 F.3d 1133, 1142 (10th Cir.2001). The limitations period ran unabated for 238 days until December 18, 1996, when Turley filed his 35(c) motion for state post-conviction relief. 28 U.S.C. § 2244(d)(2). The one-year limitation remained tolled until March 5, 2001, when the Colorado Supreme Court denied the petition for certiorari seeking review of the denial of state post-conviction relief. *Id.* At that point, Turley had 127 days left in which to file his federal habeas petition. Turley met this deadline by filing his first federal habeas petition ninety-eight days later on June 11, 2001. Turley therefore had only 31 days remaining in the original

one-year period. Under *Duncan v. Walker*, no tolling resulted from the pendency of Turley's federal habeas corpus application. When Turley withdrew his first habeas petition 73 days later, on August 24, 2001, the one-year limitations period for filing a habeas action had expired.

■ This case is complicated by the fact that *Duncan* was issued on June 18, 2001, while Turley's first federal habeas corpus application was pending. Prior to *Duncan*, the Tenth Circuit had held that Congress intended "other collateral review" in § 2244(d)(2) to include federal habeas petitions and thus the filing of a federal habeas petition could toll AEDP1A's one-year statute of limitations. *See Petrick v. Martin*, 236 F.3d 624, 629 (10th Cir.2001). *Duncan* effectively overruled that holding and made clear that tolling under 28 U.S.C. § 2244(d)(2) is not available during the time period a prior *federal* habeas proceeding is pending. Thus, since *Duncan* precludes statutory tolling, Turley's petition cannot be deemed timely unless he is able to establish that he is entitled to equitable tolling of the one-year limitations period.

The United States Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDP1A's statute of limitations. *Pace v. DiGuglielmo*, —— U.S. ——, —— n. 8, 125 S.Ct. 1807, 1815 n. 8, 161 L.Ed.2d 669 (2005). This court, however, has recognized that equitable tolling of the one-year statute of limitations is available, but only in extraordinary circumstances:

> AEDP1A's one-year statute of limitations is subject to equitable tolling, but only in rare and exceptional circumstances. Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from

timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient.

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir.2000) (citations and quotations omitted). Further, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Garcia v. Shanks*, 351 F.3d 468, 473 n. 2 (10th Cir.2003) (internal quotations omitted).

We conclude that Turley's petition presents no "rare and exceptional circumstances" that were beyond his control. While *Duncan* effectively overruled this circuit's prior precedent which permitted tolling during a pending federal habeas proceeding, *Duncan* was issued over two months *before* Turley moved to withdraw his mixed petition on August 24, 2001. Instead of completely withdrawing his petition, Turley could have preserved the timeliness of his petition by requesting the district court to issue a stay and abeyance while he continued to pursue his unexhausted claims in state court. *See Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2448, 159 L.Ed.2d 338 (2004) (O'Connor, J., concurring) (noting that "the [stay-and-abeyance] procedure is not an idiosyncratic one" and observing that seven of the eight circuits to consider it had determined it to be an appropriate exercise of a district court's equitable powers). His failure to exercise that option does not constitute an extraordinary circumstance which was beyond his control. Turley has therefore failed to meet his burden of demonstrating that equitable tolling should apply.

The judgment of the district court dismissing Turley's petition for a writ of habeas corpus is AFFIRMED and Turley's

remaining motions, including his request for the appointment of counsel, are DENIED.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.