**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ARTHUR JOHN ALLOWAY,

    Petitioner-Appellant,

v.

LENORA JORDAN; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

    Respondents-Appellees.

No. 03-5057

(D.C. No. 02-CV-524-EA)
(N.D. Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BRISCOE** and **LUCERO,** Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of this

appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered

submitted without oral argument.

Petitioner Arthur Alloway, an Oklahoma state prisoner appearing pro se, seeks a

certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2254 habeas petition. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, grant a COA, and reverse and remand for further proceedings.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 123 S. Ct. at 1034. After careful review of the record, we conclude the requirements for issuance of a COA have been met.

In May 1999, Alloway was convicted by jury of assault and battery with a deadly weapon and sexual battery and was sentenced to a term of imprisonment of 15 years. His convictions and sentence were affirmed on direct appeal. He did not seek certiorari review by the United States Supreme Court or state post-conviction relief.

Alloway filed his § 2254 habeas petition on July 3, 2002. Respondents filed a motion to dismiss the petition, asserting it was barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). In response, Alloway filed an "objection" and argued the one-year statute of limitations should be equitably tolled because he was actually innocent of the offenses and because there was a "medical impediment such as prevented him from timely entering his writ." ROA Doc. 13 at 2. He asserted that he

2

suffered from hepatitis C and liver cirrhosis and that he was "physically disabled" and "unable to pursue the writ during the statutory [filing] period." Id. at 10. Alloway further asserted that he had been deprived of medication necessary to treat the diseases, had been forced to file and pursue a federal civil rights action to obtain proper medical treatment, and had obtained preliminary injunctive relief in that action.

The district court granted respondents' motion to dismiss. The court concluded that Alloway's convictions became final and the one-year limitations period began to run on October 9, 2000, following expiration of the 90-day period for filing for certiorari. The court further concluded that, "absent a tolling event, a federal petition for writ of habeas corpus filed after October 9, 2001, would be untimely." ROA Doc. 17 at 3. The court concluded that "claims of actual innocence alone cannot serve to toll the limitations period." Id. at 3-4. The court rejected Alloway's assertion that he was "too ill to prepare and file a timely habeas corpus petition during the same period of time" that he filed and pursued his federal civil rights action. Id. at 6.

In determining whether Alloway is entitled to a COA, we agree that the timeliness of his § 2254 petition hinges on the merits of his equitable tolling arguments. It is well established that equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003). For example, "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent" or "when an adversary's conduct – or other uncontrollable

3

circumstances – prevents a prisoner from timely filing." <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000).

In rejecting Alloway's equitable tolling arguments and granting respondents' motion to dismiss, it is apparent that the district court considered materials outside the petition. In addition to reviewing the documents submitted by Alloway with his objection to the motion to dismiss, it appears the court reviewed the file from his civil rights action. In other words, the district court effectively converted the motion to dismiss into a motion for summary judgment. Although permissible, the district court must first notify the parties of the conversion and provide an opportunity to present all materials pertinent to such a motion under Federal Rule of Civil Procedure 56. <u>See</u> <u>Brown v. Zavaras</u>, 63 F.3d 967, 969 (10th Cir. 1995). By failing to do so, the court committed what we generally consider to be reversible error. <u>See</u> <u>Miller v. Glanz</u>, 948 F.2d 1562, 1565 (10th Cir. 1991).

After reviewing the record, we conclude it is impossible to affirm the dismissal without referring to matters outside the petition. Although we share the district court's skepticism that Alloway's physical condition effectively prevented him from filing a timely habeas petition yet allowed him to file and pursue a civil rights action, we note that some of the documents submitted by Alloway with his objection to the motion to dismiss arguably support his allegation that prison officials deprived him of proper medical treatment during the statutory filing period. We therefore conclude we should remand to

the district court and allow the court to notify the parties of its intent to convert the motion to dismiss into a motion for summary judgment and to provide the parties with an opportunity to submit materials in accordance with Federal Rule of Civil Procedure 56.

Having called into doubt the propriety of the district court's procedural ruling, the only remaining hurdle for issuance of a COA is whether Alloway's petition stated one or more debatably valid claims of the denial of a constitutional right. See York, 314 F.3d at 528. After "quickly review[ing] the petition, we conclude Alloway's petition satisfies this standard. See id.

Alloway's application for a COA is GRANTED. The judgment of the district court is REVERSED and this matter is REMANDED to the district court for further proceedings as set forth in this order.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

5