F I L E D
United States Court of Appeals
Tenth Circuit

DEC 14 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARTHUR JOHN ALLOWAY,

     Petitioner-Appellant,

v.

ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA; RANDALL
WORKMAN, Warden,

     Respondents-Appellees.

No. 04-5098
(Northern District of Oklahoma)
(D.C. No. 02-CV-524-EA)

**ORDER**

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

This matter is before the court on Arthur Alloway's request for a certificate

of appealability ("COA"). Alloway seeks a COA so that he can appeal the district

court's denial of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. §

2253(c)(1)(A) (providing that no appeal may be taken from a "final order in a

habeas corpus proceeding in which the detention complained of arises out of

process issued by a State court," unless the petitioner first obtains a COA).

Because Alloway has not "made a substantial showing of the denial of a

constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Alloway was convicted in Oklahoma state court of one count of assault and battery with a deadly weapon and one count of sexual battery. He filed the instant § 2254 habeas petition on July 3, 2002. The district court dismissed the petition as time-barred pursuant to 28 U.S.C. § 2244(d)(1). This court reversed, concluding the district court had erred in converting the respondent's motion to dismiss into a motion for summary judgment without proving appropriate notice to the parties and giving them an opportunity to present all materials pertinent to a Fed. R. Civ. P. Rule 56 motion. *Alloway v. Jordan*, 69 Fed. App. 431, 433 (10th Cir. 2003). Although expressing "skepticism" about the basis for Alloway's claim of equitable tolling, this court remanded the matter to the district court to provide the parties with the opportunity to adequately develop the record. *Id.* Upon remand, the district court ruled as follows: (1) Alloway was not entitled to appointed counsel because the case was not so complex that he could not adequately present it to the court; (2) Alloway's recusal motion would be denied because the district court's efforts to ensure a complete record on the issue of equitable tolling did not demonstrate bias on the part of the court; and (3) Alloway was not entitled to equitable tolling of the § 2244(d) limitations period because he had not diligently pursued his habeas claims.

"[U]ntil a COA has been issued[,] [this court] lacks[s] jurisdiction to rule on the merits of" Alloway's habeas petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Alloway must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In evaluating whether Alloway has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338 (quotations omitted). Although Alloway need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.* This court reviews the district court's decisions on equitable tolling of the limitations period, appointment of counsel, and recusal for abuse of discretion. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (equitable tolling); *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (appointment of counsel); *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648 659 (10th Cir. 2002) (recusal).

Having undertaken a review of Alloway's application for a COA and appellate filings, the district court's order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Slack* and *Miller-El*, this court concludes that Alloway is not entitled to a COA for substantially those reasons set out in the district court's order. None of the district court's procedural rulings that Alloway seeks to challenge on appeal are reasonably subject to debate or deserving of further proceedings. Accordingly, this court **DENIES** Alloway's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge