F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARTHUR J. CAENEN,

      Petitioner-Appellant,

v.

KAREN ROHLING, Warden,

      Respondent-Appellee.

No. 04-3486

(D. Kansas)

(D.C. No. 04-CV-3290-SAC)

**ORDER**

Before **EBEL**, **MCKAY**, and **HENRY**, Circuit Judges

      Arthur J. Caenen, a state prisoner in the custody of the Kansas Department of Corrections proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's decision dismissing as untimely his 28 U.S.C. § 2254 petition for a writ of habeas corpus. For the reasons set forth below, we deny Mr. Caenen's application for a COA and dismiss this matter.

## I. BACKGROUND

      In March 1998, the state charged Mr. Caenen in the District Court of Sedwick County, Kansas with first-degree murder in violation of Kan. Stat. Ann. § 21-3401(a). The evidence presented at the November 1998 trial revealed that Mr. Caenen had driven a passenger car that struck and killed a pedestrian. He

argued to the jury that he lacked the intent necessary to commit first-degree murder because he suffered from paranoid schizophrenia. The jury rejected Mr. Caenen's defense and convicted him of the murder charge. He received a sentence of life imprisonment.

Mr. Caenen appealed to the Kansas Supreme Court, which affirmed his conviction and sentence on March 9, 2001. See State v. Caenen, 19 P.3d 142 (Kan. 2001). More than a year later, on May 23, 2002, Mr. Caenen filed a state habeas corpus petition in the District Court for Sedgwick County, Kansas. On September 20, 2002, the Sedgwick County Court denied Mr. Caenen's habeas petition. Mr. Caenen then appealed that decision to the Kansas Court of Appeals, which affirmed the denial of his state court habeas petition on January 23, 2004. See Caenen v. State, No. 89,973, 2004 WL 117337 (Kan. Ct. App. Jan 23, 2004). Then, on March 30, 2004, the Kansas Supreme Court denied Mr. Caenen's request for review.

Mr. Caenen filed the instant 28 U.S.C. § 2254 habeas corpus petition in the federal district court on September 8, 2004. The district court dismissed the petition as time-barred. The court reasoned that Mr. Caenen's conviction became final on June 7, 2001, when the ninety-day period (following the Kansas Supreme Court's affirmance of his conviction) for filing a petition for a writ of certiorari in the United States Supreme Court expired. When Mr. Caenen filed his state

habeas petition on May 23, 2002, approximately two weeks remained of the one-year limitation period for filing a federal habeas corpus action pursuant to 28 U.S.C. § 2254(d). Yet, after the state court habeas corpus proceedings finally concluded (with the denial of his request for review by the Kansas Supreme Court on March 30, 2004), Mr. Caenen waited more than five months to file his federal habeas proceeding—far more than the time remaining until the expiration of the statute of limitations.

## II. DISCUSSION

To obtain a COA, Mr. Caenen must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Caenen may make this showing by demonstrating that "'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id.

Here, the decision whether to grant a COA turns on the application of 28 U.S.C. § 2244(d)(1), which establishes a time period for filing federal habeas corpus petitions. Under § 2244(d)(1), a habeas corpus petition must be filed within one year of the latest of:

-3-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In his application for a COA and his appellate brief, Mr. Caenen again seeks to argue the merits of his conviction, contending that he lacked the intent necessary to commit first-degree murder. However, Mr. Caenen does not dispute the district court's application of the one-year limitations period.

Upon review of the record, we agree with the district court for substantially the same reasons set forth in its order that Mr. Caenen's federal habeas petition is time-barred. We note that, in certain "rare and exceptional circumstances," § 2244(d)(1)'s one-year statute of limitations is subject to equitable tolling. York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003). For example, "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent" or "when an

adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). However, in neither the federal district court proceedings nor in his submissions to this court has Mr. Caenen presented arguments supporting the application of equitable tolling.

### III. CONCLUSION

Accordingly, we DENY Mr. Caenen's application for a COA and DISMISS this matter.

Entered for the Court,


Robert H. Henry
United States Circuit Judge