**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DENNIS MICHAEL BLAY,

      Petitioner-Appellant,

v.

AL ESTEP, Superintendent Limon
Correctional Facility; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees..

No. 05-1280
(D.C. No. 05-Z-168)
(Colorado)

---

**ORDER**

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

Dennis Michael Blay, a state prisoner proceeding *pro se*, applies for a

certificate of appealability (COA) to challenge the district court's denial of his 28

U.S.C. § 2254 habeas petition for untimeliness. We exercise jurisdiction under 28

U.S.C. § 2253(c)(1) and liberally construe Mr. Blay's pleadings and submissions

to this court. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Cummings v.

Evans*, 161 F.3d 610, 613 (10th Cir. 1998). So doing, we do not believe jurists of

reason would find debatable the district court's dismissal of Mr. Blay's petition,

*Slack v. McDaniel*, 529 U.S. 473, 478 (2000), and we therefore deny his application for a COA.

Mr. Blay filed a § 2254 petition to challenge his Colorado state convictions for sexual assault on a child, aggravated incest, and contributing to the delinquency of a minor. After his conviction became final, Mr. Blay filed a series of post conviction actions in state court. His first post conviction motion was filed on September 6, 1996, four months after 28 U.S.C. § 2244(d), the one-year statute of limitations provision for federal habeas actions, was enacted. On February 16, 1999, the Colorado Supreme Court denied his motion for certiorari in that action. Prior to exhaustion of his first motion, Mr. Blay filed a second post conviction motion on July 20, 1998, for which certiorari was also denied by the Colorado Supreme Court on August 22, 2002. The United States Supreme Court subsequently denied certiorari on November 4, 2002. Finally, Mr. Blay filed a third post conviction motion in state court on June 22, 2002, for which the Colorado Supreme Court denied certiorari on November 10, 2003. On February 10, 2004, the United States Supreme Court denied Mr. Blay's motion for extension of time to file a petition for a writ of certiorari in connection with his last post conviction proceeding.

In examining the timing of the various state post conviction actions, a magistrate judge determined that Mr. Blay's § 2254 motion did not appear to

comply with the one-year limitations period outlined in § 2244(d), and ordered him to show cause why his action should not be dismissed as time barred. In response, Mr. Blay contended he was entitled to tolling of ninety days after his last post conviction motion was denied by the Colorado Supreme Court, and that he should also be granted equitable tolling because he was vigilant in pursuing his claims but was hindered by limited access to the prison library. He also argued his current § 2254 motion actually represented an amended motion to a habeas petition he filed in 2001, which was dismissed for failure to exhaust state remedies, and hence should relate back to the previously filed petition.

The district court rejected Mr. Blay's arguments. Although § 2244(d)'s one year limitations period was properly tolled while Mr. Blay's post conviction actions were pending in state court, *see* 28 U.S.C. § 2244(d)(2), there nonetheless existed a four month period between April 24, 1996 and September 5, 1996, and a fourteen month period between October 11, 2003 and January 18, 2005, when Mr. Blay did not have any state post conviction proceedings pending. These two gaps in time equal more than a year and place Mr. Blay outside of the one year limitations period of § 2244(d).

The district court similarly rejected Mr. Blay's argument that he was entitled to an additional ninety days of tolling to enable him to petition the United States Supreme Court for certiorari after the Colorado Supreme Court denied his

third post conviction action. The district court noted that the additional ninety day period was applicable in the state direct appeal process, but not in state collateral proceedings. *See York v. Galetka*, 314 F.3d 522, 526 (10th Cir. 2003). The district court also dismissed out of hand Mr. Blay's claim that his habeas petition was timely because it really was an amended application that related back to a petition he filed in 2001. The court stated that to give credence to Mr. Blay's argument would undermine § 2244(d) and defeat the purpose of finality in habeas actions.

Finally, the court rejected Mr. Blay's argument that he should be subject to equitable tolling. The court recognized that where a petitioner has diligently pursued his claims and demonstrated that his failure to timely file his habeas action was caused by extraordinary circumstances beyond his control, § 2244(d) may be tolled. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). However, the court determined Mr. Blay failed to provide factual details to support his claims of diligence, or to show why his allegedly sporadic access to the prison library undermined his ability to file his habeas petition in a timely manner. The court dismissed Mr. Blay's petition as time barred. It subsequently denied Mr. Blay's motion to proceed *in forma pauperis* (*ifp*) on appeal, and his application for a COA.

The issuance of a COA is jurisdictional, *Miller-El v. Cockrell,* 537 U.S.

322, 336 (2003), and will only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition on procedural grounds, a COA will issue when "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. In determining whether a COA should issue, we must review the claims in Mr. Blay's habeas petition and generally assess their merits. *Miller-El*, 537 U.S. at 336. However, we are not required to engage in a "full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Blay is not required to prove the merits of his case to obtain a COA, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Id.* at 338 (internal quotation and citation omitted).

With these principles in mind, we have carefully reviewed the district court's order, the record on appeal, and Mr. Blay's submissions to this court. Having done so, we are not persuaded jurists of reason would find debatable the district court's ruling that Mr. Blay's claims were time barred. *See Slack*, 529 U.S. at 484. Likewise, we do not find debatable the court's conclusion that Mr. Blay's claimed diligence and limited access to the prison library were insufficient to establish the extraordinary circumstances warranting equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

Mr. Blay has also filed a motion for leave to proceed before this court *informa pauperis*. Because Mr. Blay has not raised a reasoned, nonfrivolous argument on appeal, *see McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997), we deny his request.

In sum, we **DENY** Mr. Blay's application for a COA and his request to proceed *ifp*, and **DISMISS** the appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge