**F I L E D**

**UNITED STATES COURT OF APPEALS**

**April 24, 2006**

**TENTH CIRCUIT**

LARRY WASHINGTON,

      Petitioner-Appellant,

v.

RON WARD, Warden, Oklahoma
Department of Corrections, and
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 05-6403

(D.C. No. CIV-05-0688-HE)
(W. D. Oklahoma)

ORDER[*]

Before **HENRY, BRISCOE,** and **O'BRIEN**, Circuit Judges.

      Petitioner Larry Washington, an Oklahoma state prisoner appearing pro se,

seeks a certificate of appealability (COA) to appeal the district court's order

dismissing his 28 U.S.C. § 2254 habeas corpus petition. The district court

followed the magistrate's report and recommendation, which concluded that

Washington had failed to file his petition within the governing one-year statute of

limitations, see 28 U.S.C. § 2244(d)(1), and that he was not entitled to equitable

---

      [*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

tolling of the limitations period. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, deny a COA, and dismiss the appeal.

Where, as here, a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a COA should issue if the petitioner demonstrates "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the one-year period of limitations generally begins running from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is tolled while a defendant pursues state post-conviction relief, see 28 U.S.C. § 2244(d)(2), and we have held that the one-year limitations period "may be subject to equitable tolling." Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). But it is well established that equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003). For instance, "equitable tolling would be appropriate . . . when a prisoner is actually innocent" or "when an adversary's conduct–or other uncontrollable

-2-

circumstances–prevents a prisoner from timely filing." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).

On April 17, 2001, in the District Court of Oklahoma County, Washington pled guilty to possession of a controlled dangerous substance (cocaine) after former conviction of a felony. Washington received an eight-year suspended sentence. On June 11, 2002, Washington pled guilty to the State's application to revoke his suspended sentence. That same day, he also entered a plea of guilty for attempted robbery in the first degree after former conviction of a felony. The Oklahoma state court sentenced Washington to three years of imprisonment for his possession of cocaine conviction, to be served consecutively to his twelve-year sentence for armed robbery. The court also imposed a five-year suspended sentence for Washington's possession of cocain conviction, to be served consecutively to his sentence for armed robbery. Because Washington did not seek to withdraw his guilty plea or file a direct appeal, Washington's conviction for possession of cocaine became final on June 21, 2002, ten days after the entry of judgment and sentence. See Okla. Ct. Crim. App. R. 4.2(A); Okla. Stat. tit. 22. § 1051. As a result, Washington had until June 21, 2003, to timely file a federal habeas action. Washington, however, filed his federal habeas corpus petition on June 17, 2005. Although the record reflects that Washington filed an application for post-conviction relief in the Oklahoma state courts on December 21, 2004,

this was well after the one-year limitations period had expired. Thus, the pendency of that state post-conviction proceeding could not have served to toll the federal limitations period. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). After reviewing the record, we conclude that the district court correctly dismissed Washington's habeas petition as untimely. We also agree with the district court that Washington failed to assert any grounds that warrant equitable tolling.

The application for a COA is DENIED and the appeal is DISMISSED. Washington's motion to proceed on appeal in forma pauperis is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge