FILED
United States Court of Appeals
Tenth Circuit

September 18, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KENNETH D. PERRYMAN,

        Petitioner-Appellant,

v.

RANDALL WORKMAN, Warden,

        Respondent-Appellee.

No. 07-7036
(D.C. No. 06-cv-92-JHP-RAW)
(E.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HENRY, TYMKOVICH,** and **HOLMES,** Circuit Judges.

---

Petitioner-Appellant Kenneth D. Perryman, an Oklahoma state prisoner

appearing *pro se*, seeks a certificate of appealability ("COA") in order to

challenge the district court's dismissal of his *habeas* petition as time-barred. *See*

28 U.S.C. 2253(c)(1) (requiring a COA before prisoner may appeal the dismissal

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

of a *habeas* petition). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a).

Reviewing Mr. Perryman's filings liberally,[1] we hold that no reasonable jurist

could conclude that the district court's dismissal on procedural grounds was

incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we

**DENY** Mr. Perryman's application for a COA and **DISMISS** his appeal.

## I. BACKGROUND

On October 21, 1993, a jury found Mr. Perryman guilty of two counts of

lewd molestation and one count of forcible sodomy. The District Court of

Okfuskee County sentenced Mr. Perryman to ninety-nine years imprisonment for

each count, to be served consecutively. The Oklahoma Court of Criminal Appeals

affirmed the judgment and sentence on August 17, 1995 in *Perryman v. State*, No.

F-93-1351. No petition for writ of certiorari was filed.

On April 19, 2004, Mr. Perryman filed a motion in the United States

District Court for the Northern District of Oklahoma which was construed as a

petition for writ of *habeas corpus* under 28 U.S.C. § 2254. When Mr. Perryman

failed to amend his petition to clarify his intentions, as ordered by the court, the

Northern District dismissed his action without prejudice for failure to prosecute

on April 20, 2005. Meanwhile, Mr. Perryman filed an application for post-

---

[1] Because Mr. Perryman is proceeding *pro se*, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U. S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

conviction relief in the Okfuskee County District Court on July 14, 2004. The

district court denied the application on the grounds that failure to raise the issues

on direct appeal constituted waiver. The Oklahoma Court of Criminal Appeals

affirmed in *Perryman v. State*, No. PC-2005-929 (Okla. Crim. App. Dec. 15,

2005).

On March 3, 2006, Mr. Perryman filed a petition for writ of *habeas corpus*

under 28 U.S.C. § 2254 in the United States District Court for the Eastern District

of Oklahoma stating fourteen grounds for relief, ranging from ineffective

assistance of counsel to judicial and prosecutorial misconduct.[2] On March 30,

---

[2]    The grounds for relief which appear in the petition are as follows: (1) state court denial of post-conviction relief violates the First Amendment right to petition for redress of grievances, (2) conviction for multiple counts under a single indictment or information violates the Fifth Amendment protection against double jeopardy and refusal to hear the merits of that issue violates the Fourteenth Amendment Due Process Clause, (3) state court refusal to rule on ineffective assistance claims was erroneous because these claims were not raised for the first time on appeal, (4) failures by counsel on direct appeal constitute ineffective assistance of counsel in violation of the Sixth Amendment, (5) the 297 year sentence is excessive in relation to the crimes of conviction in violation of the Eighth Amendment prohibition on cruel and unusual punishment, (6) judicial response to a jury note requesting clarification without first consulting defense counsel constitutes judicial misconduct, (7) judicial refusal in front of the jury to recuse after declining to decrease bail was proof of judicial bias, (8) testimony by the state witnesses was unreliable and failed to demonstrate guilt beyond a reasonable doubt, (9) the minimally trained state investigator used improperly suggestive questioning to elicit the child's testimony against defendant, (10) the judge improperly permitted inconsistent testimony to proceed and remain on the record, (11) the prosecutor committed misconduct during closing argument by exciting societal alarm, improperly drawing attention to the absence of testimony, and personally commenting on the evidence, (12) the judge erred by permitting

(continued...)

-3-

2007, the district court dismissed the petition. Mr. Perryman filed an application for a COA on July 16, 2007. The application relies on the same fourteen allegations which appeared in his § 2254 petition.

## II. DISCUSSION

Mr. Perryman's petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, issuance of a COA is a jurisdictional prerequisite to appealing the dismissal of a *habeas* petition. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). In order to obtain a COA, Mr. Perryman must make "a substantial showing of the denial of a constitutional right." 28 U.S. C. § 2253(c)(2). The Supreme Court has clarified that, where as here the district court denies a *habeas* petition on procedural grounds without reaching the merits of the underlying constitutional claims, a petitioner must show that reasonable jurists would find debatable both (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. The Supreme Court also has instructed courts to resolve the procedural issue first. *Id.* at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347 (1936)).

---

[2](...continued)
prosecution under one information of crimes that were not part of the same transaction, (13) the judge erred in refusing to instruct the jury on the need for corroboration of the victim's testimony due to inconsistencies, and (14) the judge's failure to permit defendant to address the court before sentencing violated the right to a fair trial.

The procedural bar in this case is AEDPA's one-year statute of limitations which begins on the latest of (1) the date the judgment becomes final, (2) the date on which an impediment created by the state in violation of the Constitution is removed, (3) the date on which the right was newly recognized by the Supreme Court, or (4) the date on which the factual predicate of the claims presented could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). After losing his state appeal on August 17, 1995, Mr. Perryman's conviction became final on November 15, 1995, when the ninety-day period for his *certiorari* petition to the United States Supreme Court expired. However, because his conviction was final before AEDPA went into effect, the starting date for the limitations period is April 24, 1996, the day the statute went into effect. *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). Thus, Mr. Perryman had until April 24, 1997, to collaterally challenge his conviction and sentence. However, Mr. Perryman did not file his § 2254 *habeas* petition until May 21, 2006—well after the limitations period had expired.

Mr. Perryman is not eligible for statutory tolling with respect to the period during which his state post-conviction claims were pending. Although "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation," 28 U.S.C. § 2244(d)(2), Mr. Perryman did not seek post-conviction relief until July 14, 2004—more than

-5-

seven years after the end of the limitations period. A collateral petition filed in state court after the limitations period has expired does not serve to toll the statute of limitations. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

Equitable tolling of § 2244(d)(1)'s limitations period is also unavailable here. It is available "only in rare and exceptional circumstances" such as actual innocence or when uncontrollable circumstances prevent timely filing. *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). A petitioner must have made "a diligent effort to pursue his habeas claims." Mr. Perryman's claims that he was delayed in receiving the trial record are insufficient to explain his more than seven year delay.

Consequently, the district court correctly concluded that Mr. Perryman's habeas petition is time-barred. Accordingly we **DENY** his application for a COA and **DISMISS** his appeal. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

Entered for the Court

Elisabeth A. Shumaker, Clerk

-6-