FILED
United States Court of Appeals
Tenth Circuit

December 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENT CIRCUIT**

REX L. HYMEL,

      Petitioner - Appellant,

v.

KAMERON HARVANEK, Warden,

      Respondent - Appellee.

No. 15-6136
(D.C. No. 15-CV-197-F)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

Petitioner-appellant Rex L. Hymel, a state inmate appearing pro se, seeks a

certificate of appealability (COA) allowing him to appeal from the district court's

denial of his habeas petition pursuant to 28 U.S.C. § 2254. See 28 U.S.C.

§ 2253(c)(2). The district court, upon a report and recommendation by a

magistrate judge, concluded that Mr. Hymel's petition was time-barred. Thus, in

order to receive a COA, Mr. Hymel must demonstrate not only that the district

court's procedural ruling on time-bar is debatable, but also that it is debatable that

his petition states a valid claim of the denial of a constitutional right. See Slack

v. McDaniel, 529 U.S. 473, 484 (2000). Because we determine the district court's

decision that the petition is time-barred is not reasonably debatable, we deny a

COA and dismiss the appeal.

Generally, a state prisoner must file a 28 U.S.C. § 2254 petition within one year of the state court's judgment becoming final. See 28 U.S.C. § 2244(d)(1)(A). This limitations period is tolled when there is "a properly filed application for State post-conviction or other collateral review" pending. 28 U.S.C. § 2244(d)(2). As found by the magistrate judge, Mr. Hymel's state court judgment became final on August 21, 2013, giving him until August 22, 2014 to file his petition. Hymel v. Harvanek, No. CIV-15-0197-F, 2015 WL 4167601, at *2 (W.D. Okla. July 9, 2015).

Between August 21, 2013 and February 26, 2015, Mr. Hymel filed a series of state post-conviction applications. The magistrate judge concluded there was only one period which should be tolled: July 17, 2014 – January 8, 2015. Id. at *3. As a result, Mr. Hymel was required to file his habeas petition on or before February 14, 2015. Id. The other applications were not "properly filed" and therefore did not result in tolling. Id. at *2-5. Despite one tolling period, Mr. Hymel filed his petition on February 26, 2015, outside the time limitation. Id. at *3.

Mr. Hymel argues that equitable tolling should apply and asserts he is factually and actually innocent. For equitable tolling to apply, two factors generally must be satisfied: (1) the petitioner must have been pursuing his rights diligently, and (2) some extraordinary circumstance must have stood in the

- 2 -

petitioner's way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). In the Tenth Circuit, equitable tolling "would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003) (quoting Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)).

To support his claim of innocence, Mr. Hymel relies on select statements by his accuser which he asserts invalidate elements of the crime with which he was charged. This, however, is insufficient to demonstrate actual innocence: "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (internal quotations and citations omitted). Accordingly, the district court's conclusion that Mr. Hymel's petition was time-barred is not reasonably debatable and it is unnecessary to address whether the petition states a valid claim of the denial of a constitutional right.

We DENY a COA and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

- 3 -