**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 10, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DERRICK E. BICKHAM,

    Petitioner - Appellant,

v.

JOE M. ALLBAUGH,

    Respondent - Appellee.

No. 17-7058
(D.C. No. 6:16-CV-00555-RAW-KEW)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Derrick E. Bickham, a state prisoner, seeks a certificate of appealability

(COA) under 28 U.S.C. § 2253(c)(1) to challenge the denial of his 28 U.S.C. § 2254

habeas petition. We deny the COA.

**BACKGROUND**

On February 26, 2010, Bickham pleaded no contest to charges in three

separate state cases originating in the District Court of Pittsburgh County in

Oklahoma. In the first case, he pleaded no contest to one count of feloniously

pointing a firearm, *see* Okla. Stat. Ann. tit. 21, § 1289.16, and one count of being a

felon in possession of a firearm, *see* Okla. Stat. Ann. tit. 21, § 1283(A). The second

---

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

case had identical charges, and Bickham entered an identical plea. In the third case, Bickham pleaded no contest to first-degree robbery, *see* 21 Okla. Stat. Ann. tit. 21, § 797. For all three cases, the state district court enhanced Bickham's sentence because he had previously been convicted of two or more felonies. The state district court sentenced Bickham to 20 years imprisonment for each of his convictions, to run concurrently.

Bickham then moved to withdraw each of his no contest pleas, which the state district court denied after a hearing on April 1, 2010. Four months later, Bickham challenged the denial of his motion to withdraw his pleas via a petition for a writ of certiorari to the Court of Criminal Appeals of the State of Oklahoma. On December 8, 2010, that court denied his petition.

Bickham next sought post-conviction relief from the Pittsburgh County district court. The district court denied his petition. Bickham appealed that decision to the Court of Criminal Appeals of the State of Oklahoma, and on June 29, 2016, the court affirmed the district court's decision.

On December 15, 2016, Bickham filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus by a person in state custody in the United States District Court for the Eastern District of Oklahoma. In that petition, he alleged he received ineffective assistance from his appellate counsel, that he received ineffective assistance from his trial counsel, that his trial counsel had a conflict of interest, and that the trial court abused its discretion "by assessing punishment and sentencing against [Bickham] without determining whether [he] was a mentally ill or insane person, after having

2

full knowledge of [his] lengthy mental health background." R. at 11. The Oklahoma Attorney General moved to dismiss Bickham's petition, arguing that the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act (AEDPA) barred Bickham's habeas petition. Specifically, the Oklahoma Attorney General argued that Bickham's convictions became final on March 8, 2011 because Bickham's ninety-day period for filing a certiorari petition to the United States Supreme Court had expired that day, and as a result, AEDPA's one-year statute of limitations had expired on March 9, 2012. On August 28, 2017, the district court granted the Oklahoma Attorney General's motion to dismiss, determining that Bickham's petition was barred by AEDPA's statute of limitations. In addition, the district court declined to issue a certificate of appealability.

Bickham now appeals.

## ANALYSIS

Before he may appeal, Bickham must obtain a COA. 28 U.S.C. § 2253(c)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the relevant legal question is whether AEDPA's one-year statute of limitations bars Bickham's § 2254 petition. We conclude that it does.

3

Bickham's convictions became final on March 8, 2011. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). And under 28 U.S.C. § 2244(d), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the date on which the judgment became final, or from other time periods not relevant to this appeal. 28 U.S.C. § 2244(d)(1)(A). So, on March 9, 2012, the statute of limitations expired on Bickham's ability to bring his § 2254 petition. His habeas petition is therefore time-barred.

Still, equitable tolling is available for § 2244(d)(1)'s statute of limitations "in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Typically, to qualify for equitable tolling, Bickham would have to show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Here, Bickham at best argues that the warden at Cimarron Correctional Facility placed the facility on a lock-down and denied Bickham access to the library from June 11, 2015 to October 30th, 2015, and that once he had access again, he promptly submitted his habeas petition. But this impediment occurred long after the AEDPA statute of limitations expired. So, we can't say that Bickham diligently pursued his claim or asserts an extraordinary circumstance justifying equitably tolling a statute of limitations which had already run.

4

Finally, Bickham argues that *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) compels us to grant him a COA. There, the Supreme Court held that,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484. And so, Bickham concludes, we should grant his COA despite his habeas petition's being time-barred because *Slack* sometimes allows us to evaluate petitioners' constitutional claims despite procedural bars.

Bickham misunderstands *Slack*. *Slack* stated that, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* In the present case, the district court correctly invoked AEDPA's one-year statute of limitations to deny a COA because Bickham hadn't made the requisite showing that he is due an exception to that bar. And so, no reasonable jurist could conclude that the district court erred in dismissing the petition. Bickham hasn't made the required showing to obtain a COA.

5

**CONCLUSION**

We deny Bickham a COA and dismiss this appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge